IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| SAMUEL BURT, #141532, ) | Civil Action No. 3:09-3343-SB-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WANDA CARTER HALE, ) | |
| ) | |
| Defendant, ) | |
| ) | |

Plaintiff, Samuel Burt, filed this action on December 29, 2009.[1] He filed an amended complaint ("AC") on July 19, 2010.[2] Defendant is Wanda Carter Hale, an attorney employed by the South Carolina Office of Appellate Defense. Plaintiff appears allege, pursuant to 42 U.S.C. § 1983 ("§ 1983") that his constitutional rights were violated based on Defendant's representation of him in the appeal of his second post-conviction relief ("PCR") application. He also appears to allege claims under South Carolina law. Defendant filed a motion for summary judgment on February 17, 2011. Plaintiff, because he is proceeding pro se, was advised on February 18, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02 (B)(2)(e) DSC. Because this a dispositive motion, this Report and Recommendation ("R&R") is entered for review by the court.

[2] In an R&R filed January 27, 2010, the undersigned recommended that this action be dismissed because: (1) Defendant did not act under color of state law for purposes of 42 U.S.C. § 1983; (2) Plaintiff did not allege a constitutional violation; and (3) there is no jurisdiction in Federal court for negligence and legal malpractice claims. Doc. 7 Plaintiff filed objections to the R&R and a motion to amend his complaint. On June 9, 2010, the Honorable Sol Blatt, Jr., Senior United States District Judge, ordered that the R&R be held in abeyance pending Plaintiff's filing of an amended complaint. Doc. 16. Judge Blatt, on July 29, 2010, declined to adopt the R&R at that time, granted Plaintiff's motion to amend, and remanded the matter to the undersigned for further proceedings. Doc. 22.

for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response on April 27, 2011, and Defendant filed a reply on May 12, 2011.

## STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972) and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255(1986). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986). A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute. See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir.), cert. denied, 389 U.S. 848 (1967); Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966); and Sturdivant v. Medical Eng'g Corp., 121 F.R.D. 51 (D.Md. 1988).

**DISCUSSION**

Plaintiff pled guilty in 1987 to criminal sexual conduct charges and did not file a direct appeal. See AC, Para. 7; Plaintiff's Opp. Mem. at 1. He filed an initial PCR application in 1995. AC, Para. 8. A notice of appeal was filed regarding dismissal of the PCR action, and an attorney with the South Carolina Office of Appellate Defense was appointed to represent Plaintiff, whereupon a petition for a writ of certiorari was filed. The petition was denied by the Appellate Court. AC, Para. 9. In 2003, Plaintiff filed a second PCR application regarding dissatisfaction with the performance of the attorney on his first PCR action. He claimed he was entitled to relief under Austin v. State, 409 S.E.2d 395 (S.C. 1991). The PCR Judge dismissed the action on the basis that it was a second, successive PCR which was also untimely under the state statute of limitations. AC, Para. 10. Plaintiff filed a notice of appeal regarding dismissal of the second PCR action and Defendant was appointed to represent him on his appeal. AC, Para. 12. The Appellate Court denied Plaintiff's petition for certiorari in his second PCR appeal and granted counsel's request to withdraw. See Defendant's Aff., Ex. A-5.

In his amended complaint, Plaintiff asserts two causes of action:

A. Deliberate and Malicious Interference by an Agency Official of the State of South Carolina acting under color of state legislative authority to deprive Plaintiff of Access to Courts and Due Process of Law in Criminal Proceedings by Fraud, Falsification and Misrepresentation.

B. Participation in a Conspiracy with Agent of South Carolina Attorney General's Office to Prepare a Falsified and Fraudulent Record on Appeal contrary to Both the U.S. Constitution and South Carolina Statute to the end of depriving Plaintiff of any meaningful review of his criminal appeal by both the South Carolina Supreme Court and any subsequent appeal contemplated by Plaintiff under 28 U.S.C. § 2254.

AC at 1-2. Plaintiff, later restates his first cause of action as:

> DEFENDANT Wanda Carter Hale did, notwithstanding her appointment by the S.C. Supreme Court as counsel to Plaintiff, abuse her authority under S.C.Code Ann. § 17-4-70(b) to deprive Plaintiff of his state created liberty and property interest, the right to representation by the South Carolina Office of Appellate Defense, by a malfeasant determination that there was no arguable merit to Plaintiff's criminal appeal, an affirmative administrative or executive duty incumbent on the Chief [or, Acting Deputy] Attorney according to the mandates of said statute acting thereby under the color of state law, did knowingly and deliberately deprive Plaintiff of his right to Due Process of Law, to direct and collateral appe[a]l from a criminal conviction, from access to a special remedy established by State Judicial authority, to habeas corpus and TO various other rights under the 1st, 5th and 14th Amendments of the U.S. Constitution.

AC at 3-4. He later restates his second cause of action as:

> Defendant Wanda Hale, while in the role of court-appointed attorney for Plaintiff in his appeal to the S.C. Supreme Court, and/or while acting in the role of a senior executive official for a State Agency, did wilfully conspire with Julie Thames of the S.C. Attorney General's Office, to abet her in preparing a re[co]rd on appeal (Appendix) which fraudulently misrepresented the evidence before the lower court AND thereby deprive [sic] Plaintiff of meaningful, fair review of his appeal before the South Carolina S[u]preme Court and whooly [sic] corrupted any future federal review, contrary to the rights[,] privileges and immunities of THE Plaintiff protected under the United States Constitution.

AC at 6.

Plaintiff's claims appear to focus on the record compiled by Defendant and submitted to the Appellate Court in the appeal of his second PCR. He claims that the first record and accompanying appendix were inadequate. The record was later supplemented. Plaintiff requests that the Court declare that the appendix filed by Defendant be declared constitutionally defective. He also requests injunctive relief, monetary compensation, and punitive damages. AC 13.

Defendant contends that she is entitled to summary judgment because: (1) Plaintiff cannot allege a cause of action against Defendant arising under § 1983 because Defendant did not act under color of state law; (2) Plaintiff fails to allege any constitutional violations under § 1983; (3) Plaintiff fails to state a § 1983 claim for civil conspiracy as there is no evidence that Defendant conspired to

deprive Plaintiff of any constitutional right; (4) Plaintiff's claims should be dismissed as moot; (5) Defendant is entitled to absolute immunity; (6) Plaintiff's request for injunctive relief is inappropriate;[3] (7) Plaintiff failed to state a claim for legal malpractice for which relief may be granted; and (8) this action should be dismissed under 28 U.S.C. § 1915(E) and § 1915A, and should count as a strike.

1. § 1983/State Actor

Defendant argues that Plaintiff cannot allege a cause of action against her arising under § 1983 because she did not act under color of state law. Plaintiff appears to argue that Defendant acted under color of state law because the alleged actions were performed within the scope of her administrative responsibilities.

Plaintiff fails to show that Defendant acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law when performing traditional functions as counsel. See Polk County v. Dodson, 454 U.S. 312, 317-325 (1981); Deas v. Potts, 547 F.2d 800, 800 (4th Cir.1976); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)(stating that generally neither state nor state official acting in official capacity are "persons" within meaning of § 1983).

Plaintiff attempts to argue that Defendant acted under color of state law as "Acting Deputy Chief Attorney" based on her actions performed within the scope of her administrative responsibilities with the state agency. The decision regarding the arguable merit of any appeal, however, is not decided by anyone in the Office of Appellate Defense in an administrative capacity,

---

[3] As Plaintiff has not specified what injunctive relief he seeks, any meaningful review of such a request is impossible.

but instead is decided by the individual attorney appointed to represent the client. Decisions regarding the merit of each appeal are made by the individual attorney in his or her professional judgment. See Robert Dudek[4] Aff., Paras. 3-5; Defendant's Aff., Paras. 2-3.

    2.    Conspiracy

Plaintiff alleges that Defendant entered into a civil conspiracy with Assistant Attorney General Julie Thames "to abet her in preparing a record on appeal which fraudulently misrepresented the evidence before the lower court," thereby depriving him of a "meaningful, fair review of his appeal" and corrupting any "future federal review." AC, Para. 16. Defendant argues that she is entitled to summary judgment on this claim because there is no evidence that she conspired to deprive Plaintiff of any constitutional right.

Conduct under color of state law may be extended to private individuals who conspire with state officials to violate an individual's constitutional rights. See Tower v. Glover, 467 U.S. 914, 920 (1984). To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in deprivation of a constitutional right. Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir.1996). A plaintiff must come forward with specific evidence that each member of the alleged conspiracy shared the same conspiratorial objective. Id. To survive a summary judgment motion, a plaintiff's evidence must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." Id. A plaintiff's allegation must amount to more than "rank speculation and conjecture," especially when the actions

---

[4] Dudek is the Chief Attorney in the Office of Appellate Defense. Dudek Aff., Para. 1.

are capable of innocent interpretation. Hinkle, 81 F.3d at 422. The plaintiff must show that the defendants possessed an intent to commit an unlawful objective. Id.

Here, Plaintiff has presented nothing other than his own speculation that there was a conspiracy. Plaintiff claims that he has shown a conspiracy because Defendant requested documents from Thames and not from anyone else. Defendant, however, has provided evidence that she requested documentation from Plaintiff's PCR attorney and Plaintiff as well as Thames. Defendant's Aff., Para. 6; Ex. A-1 (May 17, 2005 letter to Plaintiff's PCR counsel, November 21, 2005 letter to Thames, January 25, 2007 request to Florence County Clerk, January 25,, 2007 request to Thames, January 29 and February 19, 2007 letters to Thames and Plaintiff). Further, Plaintiff fails to show that contacting an opposing attorney in an effort to obtain the necessary documents is evidence of a conspiracy.

    3.    Due Process/Access to the Courts

Plaintiff appears to argue that he was denied due process and access to the courts because Defendant filed a no-merit brief and an inadequate record such that he did not receive a proper appeal of his second PCR application. Defendant contends that Plaintiff received due process and was able to access the courts.

Even if Plaintiff can show that Defendant is a state actor and can pursue his claim under § 1983, he fails to show that he was denied due process.[5] Plaintiff argues that Defendant denied him

---

[5]Plaintiff has not pointed to a constitutional right to PCR counsel. The Supreme Court has held that there is no constitutional right to post-conviction counsel. See Coleman v. Thompson, 501 U.S. 722 (1991)(no right to post-conviction counsel in appeal from state habeas corpus); Murray v. Giarratano, 492 U.S. 1 (1989)(no Eighth Amendment or due process right to counsel for death row inmates); Pennsylvania v. Finley, 481 U.S. 551(1987)(no due process or equal protection right to post-conviction counsel for indigents).

due process by filing a Johnson brief [6] prior to having the full record. Defendant, however, states that she made her decision of no merit based on the materials before her showing that Plaintiff filed a second, successive PCR appeal which was untimely based on the applicable statute of limitations. Plaintiff has not shown that the records before Defendant failed to show this.

Plaintiff alleges that he had inadequate assistance of counsel as to the appeal of the denial of his second PCR application. In support of this, he argues that he was entitled to counsel based on Austin v. State, 409 S.E.2d 395 (S.C. 1991). An Austin appeal is allowed when a petitioner is prevented from seeking any review of the denial of his PCR application as a result of the action or inaction of his attorney. Austin v. State, 409 S.E.2d at 396. In Aice v. State, 409 S.E.2d 392 (S.C. 1991), however, the South Carolina Supreme Court limited the holding of Austin to its particular factual situation. Specifically, the holding is limited to a situation where the petitioner is prevented from seeking appellate review of a denial of his or her PCR application by the action or inaction of his or her attorney. Id. at 395.

Plaintiff fails to show that he was denied due process because he received appellate review of the denial of his PCR action, in that his attorney in the first PCR action appealed the denial to the Supreme Court of South Carolina. Although Plaintiff argues that he should have been allowed to file a Rule 59 motion to alter or amend judgment, he fails to show that this entitled him to a second PCR action under Austin. Additionally, Plaintiff was allowed to file a second PCR action and he filed an appeal of such. Although Defendant filed a Johnson brief in the appeal of the second PCR, Plaintiff

---

[6] As Defendant made a determination that Plaintiff's case had no merit, she filed a brief along with a motion to be relieved as counsel in accordance with the procedure laid forth in Anders v. California, 386 U.S. 738 (1967), adopted by South Carolina in Johnson v. State, 364 S.E.2d 201 (S.C. 1988).

had an opportunity to file and did file a brief with the Supreme Court of South Carolina as to the issues he believed were meritorious. See Defendant's Aff., Ex. A-4. Plaintiff argues that he was prejudiced by the initial incomplete submission of documents, but the documents were supplemented and the appendix revised. He has not shown that the inclusion or exclusion of other documents would have changed the decision of the Supreme Court of South Carolina.

    4.    Negligence/Violation of Duty of Care

Plaintiff appears to allege that Defendant was negligent in assembling the appendix for his case.[7] He also appears to allege that she violated a duty of care arising under S.C. Code Ann. § 17-4-40(b).[8]

Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 238-36 & n. 3 (1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. DeShaney v. Winnebago Dep't. of Social Services, 489 U.S. 189, 200-03 (1989).

---

[7] He also alleges that her actions were fraudulent. This appears to be a claim under South Carolina law.

[8] Although § 17-4-70 was repealed effective July 1, 2005, § 17-3-360(C)(2) contains nearly identical language and currently provides:
> Upon a finding that a person requesting representation qualifies as an indigent and after being appointed as counsel for this person by the court in which the appeal will be effected, the division shall represent this person in his appeal of a conviction in a trial court, or decision of a proceeding in civil commitment or other involuntary placement in a state, county, or municipal facility, provided nothing in this article requires the division to pursue an appeal unless the chief attorney of the division is first satisfied that there is arguable merit to the appeal.

S.C. Code Ann. § 17-3-360(C)(2).

5.  State Law Claims

Plaintiff appears to allege claims under South Carolina law for legal malpractice and fraud. As Plaintiff fails to show that Defendant violated his rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

Alternatively, it is recommended that summary judgment be granted to Defendant as to Plaintiff's claims for legal malpractice and/or fraud. In a legal malpractice action under South Carolina law, a plaintiff must prove that (1) the defendant was negligent, (2) the defendant's negligence proximately caused the plaintiff's injuries, and (3) damages resulted. Summer v. Carpenter, 492 S.E.2d 55, 58 (S.C. 1997). "In South Carolina, attorneys are required to render services with the degree of skill, care, knowledge, and judgment usually possessed and exercised by member of the profession" statewide. Harris Teeter, Inc. v. Moore & Van Allen, PLLC, 701 S.E.2d 742, 745 (S.C. 2010)(internal citations omitted). "Generally, a plaintiff in a legal malpractice action must establish this standard of care by expert testimony." Id., see also Hall v. Fedor, 561 S.E.2d 654 (S.C. App. Ct. 2002). To prove his case, Plaintiff must show that he "most probably" would have been successful on his appeal if the alleged malpractice had not occurred. Hall v. Fedor, 561 S.E.2d at 657. "Attorneys will not be liable where, notwithstanding the attorney's negligence, the client had no meritorious defense to the suit in the first place." Brown v. Theos, 550 S.E.2d 304, 306 (S.C. 2001).[9]

Although Plaintiff asserts that if Defendant had provided all documents to the Court sooner and in a more organized manner it would have helped his appeal and that he was prejudiced by the

---

[9]Additionally, "in an action for legal malpractice based on conviction of a crime the general standard is the plaintiff must show innocence of the crime in order to establish liability." Brown v. Theos, 550 S.E.2d at 306. Plaintiff has not asserted innocence.

submission of the Appendix which was "confusing, incomplete, and in disarray," he has not shown that he would have "most probably" been successful on his appeal if these alleged issues had not occurred. He provides no evidence that he was actually prejudiced as to these alleged issues. Further, he has not submitted any expert evidence concerning his allegations. In the action complained of, Plaintiff submitted his "Pro Se Motion for Reappointment of Counsel, Motion for Sanctions in re: Attorney Misconduct, and Motion to Proceed with Faults in the Record Stipulated" filed February 27, 2007. See Defendant's Aff, Ex. A-3. The Appeals Court construed this as a motion to amend the record and denied Plaintiff's motion after a review of the revised record. See Defendant's Aff., Ex. A-5. Thus, Plaintiff cannot show that the Appellate Court's decision was prejudiced by the alleged issues with the record as it was aware of Plaintiff's complaints and denied his motion to amend the record.

Additionally, the appeal was argued in a Johnson Brief, whereupon the Supreme Court of South Carolina undertook an independent review of the documents, proceedings, and legal issues to determine the existence of any meritorious appealable issues and made a decision. Additional relevant documents were submitted before the determination was made. Plaintiff submitted his own pro se petition raising all legal arguments he believed were meritorious and should be raised. Defendant's Aff., Para. 11. Thus, Plaintiff fails to show that he "most probably" would have been successful on his appeal if the alleged malpractice did not occur.

To prove fraud under South Carolina Law, a plaintiff must prove the following elements by clear, cogent and convincing evidence:

> (1) a representation;
> (2) its falsity;
> (3) its materiality;

11

(4) either the speaker's knowledge of its falsity or a reckless disregard of its truth or falsity;
(5) the speaker's intent that the representation be acted upon;
(6) the hearer's ignorance of its falsity;
(7) the hearer's reliance on its truth;
(8) the hearer's right to rely thereon; and
(9) the hearer's consequent and proximate injury.

Cheney Bros., Inc. v. Batesville Casket Co, Inc., 47 F.3d 111, 114 (4th Cir. 1995); King v. Oxford, 318 S.E.2d 125 (S.C. App. 1984). Failure to prove any element is fatal to the plaintiff's claim. M.B. Kahn Constr. Co. v. South Carolina Nat'l Bank of Charleston, 271 S.E.2d 414, 415 (S.C. 1980).

Here, Plaintiff has not established all elements of fraud.

## CONCLUSION

Based on review of the record, it is recommended that Defendant's motion for summary judgment (Doc. 42) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

June 14, 2011
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).