IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Samuel Burt, #141532, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:09-3343-SB |
| v. ) | |
| ) | |
| Wanda Carter Hale, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____) | |



This matter is before the Court upon the Plaintiff's pro se complaint, which was filed pursuant to 42 U.S.C. § 1983. In the most recent report and recommendation ("R&R"), which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Civil Rules for this District, United States Magistrate Judge Joseph R. McCrorey recommends that the Court grant the Defendant's motion for summary judgment. After being granted an extension of time, the Plaintiff filed objections to the R&R, and the matter is ripe for review.

## BACKGROUND

The Plaintiff is currently incarcerated at Evans Correctional Institution, a facility of the South Carolina Department of Corrections. In this action, which was initially filed on December 29, 2009, the Plaintiff names Wanda Carter Hale ("Hale") as the Defendant. Hale is the Appellate Defender who was appointed to represent the Plaintiff on the appeal of the denial of his second post-conviction relief ("PCR") application.[1] In his initial

---

[1] The Plaintiff was convicted in 1987 of criminal sexual conduct charges and did not file a direct appeal. The Plaintiff did file a PCR application in 1995, which was dismissed in 1999. The Plaintiff appealed the dismissal, and on appeal, an attorney with the South Carolina Office of Appellate Defense was appointed to represent the Plaintiff. The petition for certiorari was ultimately denied, however. Then, in 2003, the Plaintiff filed a second PCR application regarding dissatisfaction with his attorney from the first PCR. The PCR judge dismissed the action as second and/or successive and as untimely. The Plaintiff

complaint, the Plaintiff asserted that he:

> has been denied substantive due process of law, equal protection of the laws, access to the courts[,] and his right to be free from arbitrary and abusive mistreatment by the government employee[ ]s acting under the color of law amounting to cruel and unusual punishment where state-appointed counsel did knowingly and deliberately misuse her position as counsel and as an officer of the Court to act contrary to Plaintiff's constitutional rights and liberty interests and access to the courts by fraudulently declaring Plaintiff's appeal to be without merit, by submitting a deliberately erroneous, sloppy, and false record on appeal, by rebelling against several Court orders issued to remedy erroneous records, by refusing to admit her improper motives of animosity and injury against her client, by wanton disregard of professional norms of conduct and advocacy, by acting in a conspiracy with opposing counsel to undermine and oppose Plaintiff's appeal by fraud and misrepresentation to the Courts, and by using ever nefarious means to deny Petitioner of just, fair, and constitutional due process of law in pursuit of liberty interests.

(Entry 1 at 8.) The Plaintiff also stated that "there may be evidence to substantiate a claim of conspiracy under 28 U.S.C. § 1985 and which may result in the addition of additional Defendants and adjustment of the relief being requested." (Entry 1 at 9.)

On January 27, 2010, the Magistrate Judge issued an R&R, recommending that the Court dismiss the Plaintiff's complaint without service of process because the Defendant did not act under color of state law, a requirement for a claim pursuant to 42 U.S.C. § 1983. The Magistrate Judge also rejected the Plaintiff's claim that the Defendant "acted in a conspiracy with opposing counsel to undermine [his] appeal by fraud and misrepresentation to the courts," finding that the Plaintiff's allegations merely raised state law claims for negligence or malpractice, at most, and that his claims did not allege a constitutional violation.

---

filed a notice of appeal of this dismissal, and Defendant Hale was appointed to represent him on appeal. The Appellate Court denied the Plaintiff's petition for certiorari in the second appeal and granted Defendant Hale's request to withdraw as counsel.

In response to this R&R, the Plaintiff filed, *inter alia*, lengthy objections and a motion to amend his complaint. In his objections, the Plaintiff claimed that he was raising a claim pursuant to sections 1983 and 1985 and that his complaints were in the nature of "constitutional tort of fraud, conspiracy to commit fraud, falsification of court records, malfeasance, contempt of court, and malicious misconduct with intent to injure contrary to the laws and constitution of the United States of America." (Entry 11 at 1.) The Plaintiff objected to the Magistrate Judge's determination that his claims were in the nature of negligence or malpractice, and he objected to the Magistrate Judge's determination that the Defendant did not act under the color of state law. Moreover, in his motion to amend, the Plaintiff sought to supplement his original complaint with "certain factual and legal clarifications in order to rebut and lay [to] rest the erroneous and unfairly prejudicial misconstruction which the Magistrate Judge urges." (Entry 12 at 2.) The Plaintiff asserted that as the Acting Deputy Chief Attorney for the South Carolina Office of Appellate Defense, the Defendant was not a public defender but was a state actor who acted under color of state law.

The Court evaluated the Plaintiff's objections and his motion to amend in accordance with the law and agreed with the Magistrate Judge that the Defendant did not act under color of state law. In addition, the Court agreed with the Magistrate Judge that the Plaintiff had not pleaded a conspiracy claim with specificity. Nevertheless, in light of the Plaintiff's pro se status and his motion to amend, the Court, in the interest of fairness, gave the Plaintiff the opportunity to file an amended complaint within 30 days. (See Order filed 6/11/10, Entry 16.) The Court granted the Plaintiff a small extension, and on July 19, 2010, the Plaintiff filed an amended complaint against Hale. After reviewing the amended

3

complaint, the Court noted in an order dated July 30, 2010, that although it was difficult to decipher the amended pleading, it appeared as though the Plaintiff had pleaded his conspiracy claim with enough specificity to at least warrant service of the complaint upon the Defendant. Accordingly, the Court referred the matter back to the Magistrate Judge for further proceedings.

After service and discovery, Defendant Hale filed a motion for summary judgment on February 17, 2011. The Plaintiff continued to file various discovery-related motions, and on April 27, 2011, the Plaintiff also filed a response in opposition to the Defendant's motion for summary judgment.

After a thorough review of the record, the Magistrate Judge issued an R&R on June 14, 2011, recommending that the Court grant the Defendant's motion for summary judgment. The Plaintiff filed written objections to the R&R as well as a motion to reconsider certain of the Magistrate Judge's discovery-related rulings.

## STANDARD OF REVIEW

I. **Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence but rather must determine if there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate."

4

Teamsters Joint Council No. 83 v. Centra, Inc., 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Pachaly v. City of Lynchburg, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." Celotex, 477 U.S. at 327.

## II.     The Magistrate Judge's R&R

The Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the R&R to which the objection is made and the basis for the objection. Id.

## ANALYSIS

In his amended complaint, the Plaintiff alleges the following claims:

A.  Deliberate and Malicious Interference by an Agency Official of the State of South Carolina acting under color of state legislative authority to deprive the Plaintiff of Access to Courts and Due Process of Law in Criminal Proceedings by Fraud, Falsification and Misrepresentation.

B.  Participation in a Conspiracy with Agent of South Carolina Attorney General's Office to Prepare a Falsified and Fraudulent Record on Appeal contrary to Both the U.S. Constitution and South Carolina

5

> Statute to the end of depriving Plaintiff of any meaningful review of his criminal appeal by both the South Carolina Supreme Court and his subsequent appeal contemplated by Plaintiff under 28 U.S.C. § 2254.

(Entry 21 at 1-2.)  Later in his amended complaint, the Plaintiff restates his claims as follows:

> DEFENDANT Wanda Carter Hale did, notwithstanding her appointment by the S.C. Supreme Court as counsel to Plaintiff, abuse her authority under S.C. Code Ann. § 17-4-70(b) to deprive Plaintiff of his state created liberty and property interest, the right to representation by the South Carolina Office of Appellate Defense, by a malfeasant determination that there was no arguable merit to Plaintiff's criminal appeal, an affirmative administrative or executive duty incumbent on the Chief [or, Acting Deputy] Attorney according to the mandates of said statute, acting thereby under the color of state law, did knowingly and deliberately deprive Plaintiff of his right to Due Process of Law, to direct and collateral appeal from a criminal conviction, from access to a special remedy established by State Judicial authority, to habeas corpus and TO various other rights under the 1st, 5th & 14th Amendments of the U.S. Constitution.
>
> . . .
>
> Defendant Wanda Hale, while acting in the role of court-appointed attorney for Plaintiff in his appeal to the S.C. Supreme Court, and/or while acting in the role of a senior executive official for a State Agency, did wilfully conspire with Julie Thames of the S.C. Attorney General[']s Office, to abet her in preparing a re[co]rd of appeal (Appendix) which fraudulently misrepresented the evidence before the lower court AND thereby deprive[d] Plaintiff of meaningful, fair review of his appeal before the South Carolina Supreme Court and who[l]ly corrupted any future federal review, contrary to the rights, privileges, and immunities of THE Plaintiff protected under the United States Constitution.

(Entry 21 at 3-4, 6.)

In her motion for summary judgment, the Defendant alleges the following: (1) that the Plaintiff has failed to allege a cause of action under section 1983 because she did not act under color of state law and because the Plaintiff has not alleged any constitutional violation; (2) that the Plaintiff has failed to state a claim for civil conspiracy; (3) that the

Plaintiff's claims are moot; (4) that she is entitled to immunity; (5) that the Plaintiff's request for injunctive relief is inappropriate; (6) that the Plaintiff has failed to state a claim for legal malpractice; and (7) that the Court should dismiss this action under sections 1915(E) and 1915A and count the dismissal as a strike. The Defendant supported her motion for summary judgment with the affidavit of Robert Dudek, the Chief Attorney in the Office of Appellate Defense, as well as her affidavit, which was accompanied by 70 pages of exhibits.

The Plaintiff filed a lengthy response in opposition to the Defendant's motion, including his affidavit and 126 pages of exhibits related to his PCR proceedings.

The Magistrate Judge thoroughly reviewed the record and filed an R&R on June 14, 2011. In the R&R, the Magistrate Judge considered the arguments raised in the Defendant's motion for summary judgment and made the following determinations. First, the Magistrate Judge determined that the Plaintiff failed to show that the Defendant was acting under color of state law because the decision regarding the merits of his PCR appeal was a decision made by the Defendant not in her administrative capacity, but rather in her capacity as the attorney appointed to represent the Defendant. Next, the Magistrate Judge determined that the Plaintiff failed to present any specific evidence (other than his speculation) to support his claim that the Defendant and Julie Thames conspired to intentionally violate his rights. In addition, the Magistrate Judge determined that even if the Plaintiff could show that the Defendant acted under color of state law, the Plaintiff still failed to establish the violation of any constitutional right such as due process or access to the courts. With respect to the Plaintiff's state law negligence and fraud claims, the Magistrate Judge noted that section 1983 does not impose liability for violations of duties

arising under state law. The Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over the Plaintiff's state law claims, or in the alternative, that the Court grant summary judgment in favor of the Defendant on these state law claims.

The Plaintiff filed lengthy and largely incomprehensible objections to the R&R, wherein he first asserts that the Magistrate Judge and the undersigned are disqualified from considering this case.[2] Next, the Plaintiff contends that the Magistrate Judge is "incapable of submitting an R&R which presents an honest and factually representation of Plaintiff's claims." (Entry 68 at 2.) The Plaintiff contends that the Magistrate Judge is "concocting a false construction of Plaintiff's issues" and that "[t]here are no claims in [his] § 1983 suit under South Carolina law; none which involve legal malpractice or negligence, or ineffective assistance of counsel, or common law statutory fraud, or any such nonsense." (Entry 68 at 4, 6.) As a third objection, the Plaintiff contends that the R&R "is rendered unreliable, faulty and clearly erroneous as a matter of substantive law and process because it excludes mention of a substantial controversy between the parties regarding evidence and discovery, germane to summary judgment, . . . ." (Entry 68 at 7.) The Plaintiff objects that the R&R fails to resolve numerous issues of material fact, and he contends that the Magistrate Judge abused his discretion in assessing the evidence. In all, the Plaintiff spends the majority of his 28-paged objections reiterating his claims, taking issue with the Magistrate Judge's choice of language, and rehashing his misunderstanding of the applicable law.

---

[2] The Court previously denied the Plaintiff's motions to recuse both the Magistrate Judge and the undersigned.

The Court has reviewed the record at length, with particular attention on the Defendant's motion for summary judgment and supporting affidavits, the Plaintiff's motion for summary judgment and supporting affidavit, the R&R, and the Plaintiff's objections. Ultimately, the Court has no difficulty in finding that the Magistrate Judge accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and incorporates it herein by specific reference. Consequently, the Court overrules the Plaintiff's objections, which the Court finds to be wholly without merit.

Stated simply, as the Magistrate Judge correctly determined, the Plaintiff has failed to show that the Defendant acted under color of state law because it is clear from the record that she was performing her traditional functions as the Plaintiff's attorney when representing him on the appeal of his PCR denial. Her conduct, therefore, is not fairly attributable to the state. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (stating that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant"); Bishop v. Richardson, 852 F.2d 565 (4th Cir. 1988) ("[A]n attorney representing a criminal defendant does not act under state law with respect to matters arising out of the representation, at least in the absence of some conspiracy with state actors.") (unpublished). . The Plaintiff's conclusory allegation that the Defendant was somehow acting within the scope of her administrative capacity is simply belied by the record.

Moreover, with respect to the Plaintiff's conspiracy allegations, the Court agrees with the Magistrate Judge that the Plaintiff has failed to set forth any evidence, other than his mere speculation, to establish that the Defendant intentionally conspired with Julie Thames to deny the Plaintiff access to courts. See Tower v. Glover, 467 U.S. 914, 920 (1984). As

the Fourth Circuit stated in Hinkle v. City of Clarksburg:

> Appellants have a weighty burden to establish a civil rights conspiracy. While they need not produce direct evidence of a meeting of the minds, Appellants must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective. See Hafner v. Brown, 983 F.2d at 576-77; Abercrombie v. City of Catoosa, Okl, 896 F.2d 1228, 1230-31 (10th Cir.1990); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir.1983). In other words, to survive a properly supported summary judgment motion, Appellants' evidence must, at least, reasonably lead to the inference that Appellees positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.

81 F.3d 416, 421 (4th Cir. 1996). Here, the Plaintiff claims that he has shown the existence of a conspiracy simply because the Defendant requested documents from Thames and no one else. In contrast, however, the Defendant provided evidence indicating that she requested documents from the Plaintiff's former PCR attorney, the Plaintiff, and Thames. Regardless of the foregoing, the Court agrees with the Magistrate Judge that the act of contacting an opposing attorney to obtain documents relevant to a pending matter in no way provides evidence that leads to the inference that the Defendant and Thames shared the same conspiratorial objective. See Bishop, 852 F.2d 565 ("Although Bishop mentioned a 'conspiracy' in his complaint, the 'naked assertion of a conspiracy . . . without supporting operative facts' establishing an agreement between the defense attorney and the prosecutor or some other state actor, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability.") (citing Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984), and Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)); Sutton v. Calhoun, 813 F.2d 403 (4th Cir. 1986) (unpublished) ("Although a public defender generally does not act "under color of" state law in exercising his function as a lawyer, an allegation that a public defender conspired with state officials

to provide an inmate of federal rights may sustain a claim under § 1983, but it must be pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'") (citing Smith v. Bacon, 699 F.2d 434, 436 (8th Cir. 1983)).

Finally, the Court also agrees with the Magistrate Judge that the Plaintiff has failed to establish the violation of a constitutional right under the circumstances present in this case, as there is no constitutional right to PCR counsel, and in any event it is clear from the record that the Plaintiff ultimately received appellate review of the denial of his PCR. Moreover, although the Plaintiff contends in his objections that he is not asserting any state law claims in this action, a fair reading of his amended complaint would indicate the contrary; regardless, the Court declines to exercise supplemental jurisdiction over any state law claims that appear in the Plaintiff's second amended complaint.

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the Magistrate Judge's R&R (Entry 62) is adopted and specifically incorporated herein; the Defendant's motion for summary judgment (Entry 42) is granted; and the Plaintiff's objections (Entry 68) are denied. Any remaining motions are hereby deemed moot.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

September 26, 2011
Charleston, South Carolina

11